IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

MACDONALD RICE and PATRICIA RICE,
Individually, and THE CONTINENTAL
INSURANCE COMPANY, a foreign corporation,

    Plaintiffs,

vs.                                                                                              Case No.

G & G MARINE, INC., d/b/a G & G                                         In Admiralty
SHIPPING, a Florida corporation,

    Defendant.
_____/

## COMPLAINT IN PERSONAM

MACDONALD RICE and PATRICIA RICE (the "Rices"), individually and THE CONTINENTAL INSURANCE COMPANY ("Continental"), a foreign corporation, Plaintiffs, as and for their Complaint in Personam against G & G MARINE, INC., d/b/a G & G SHIPPING, a Florida corporation, Defendant, in a cause civil and maritime, allege upon information and belief as follows:

1. This is an admiralty and maritime action within the meaning of 28 U.S.C.A. § 1333 and Rule 9(h), Federal Rules of Civil Procedure.

2. At all times material hereto, MacDonald Rice and Patricia Rice were individuals and husband and wife, residing in Green Cove Springs, Florida, and were the owners of a 42' Pleasure Sailing Vessel (S/V WIND-BORNE), Hull Identification No. HWS42055D989 which had been built in 1989.

3. At all times material hereto, Continental was a corporation organized and existing under the laws of a state other than Florida, was authorized to issue marine and other insurance policies to individuals and on vessels located in the State of Florida, and had issued a marine insurance policy to the Rices providing coverage on S/V WIND-BORNE in accordance with the policy's terms and conditions.

4. At all times material hereto, G & G Marine, Inc., d/b/a G & G Shipping was a Florida corporation maintaining its principal place of business in Ft. Lauderdale, Broward County, Florida, and was engaged in the business of owning and operating commercial, ocean-going cargo vessels, including M/V EMERALD EXPRESS.

5. On or about December 31, 2005, at approximately 0500, S/V WIND-BORNE, which was proceeding east in the navigable waters of the Atlantic Ocean near the northwest channel light, west of Nassau, Bahamas, collided with the starboard side of M/V EMERALD EXPRESS which was then proceeding westbound in or near the northwest channel light.

6. Before meeting M/V EMERALD EXPRESS, S/V WIND-BORNE had communicated with M/V EMERALD EXPRESS and it was agreed that the vessels would pass port to port in or near the northwest channel light at a safe distance apart.

7. The collision between S/V WIND-BORNE and the starboard side of M/V EMERALD EXPRESS was not caused by any fault on the part of S/V WIND-BORNE, but instead was caused by the fault of M/V EMERALD EXPRESS, and those in charge of said vessel, in the following particulars, among others:

    a. M/V EMERALD EXPRESS did not meet and pass S/V WIND-BORNE port to port as agreed, but instead altered its course so that it turned in front of and collided with

2

S/V WIND-BORNE in violation of the International Regulations for Preventing Collisions, 33 U.S.C.A. §§ 1602 et seq. ("COLREGS");

    b.    M/V EMERALD EXPRESS, and those in charge of said vessel, violated the provisions of the International Regulations for Preventing Collisions ("COLREGS"), governing the operation of said vessel and its duty to avoid collision, as detailed in 33 U.S.C.A. §§ 1602 et seq.;

    c.    M/V EMERALD EXPRESS, and those in charge of said vessel, failed to properly communicate, signal, or make known that vessel's intention to change course and/or not abide by the agreed port to port meeting and passing maneuver with S/V WIND-BORNE; and

    d.    M/V EMERALD EXPRESS and those in charge of said vessel were negligent in failing to maintain a proper lookout and to properly position and operate said vessel so as to avoid collision between M/V EMERALD EXPRESS and S/V WIND-BORNE.

    8.    By reason of the collision of December 31, 2005, as aforesaid, S/V WIND-BORNE was damaged about its hull and machinery, required extensive temporary and permanent repairs to its hull and machinery, was withdrawn from private pleasure use for the period of time necessary to complete collision repairs, and required attendance of surveyors and repairmen, both for temporary and permanent repairs at various locations, so that it could be placed back in private pleasure use.

    9.    As nearly as can be presently ascertained, the cost of repairs to S/V WIND-BORNE, both temporary and permanent, and for required attendance of surveyors and repairmen totaled $51,349.43.

10. Because of its policy of marine insurance, beginning on January 25, 2006 and continuing through October 26, 2006, Continental was required to and did pay to the Rices the sum of $49,079.43, for the damages to S/V WIND-BORNE detailed above.

11. All the matters aforesaid are true and correct, and within the admiralty and maritime jurisdiction of this Court.

WHEREFORE, MacDonald Rice and Patricia Rice and The Continental Insurance Company, as their interest may appear, demand judgment against G & G Marine, Inc., d/b/a G & G Shipping for the damages aforesaid, plus pre-judgment interest from the date of the collision as permitted by law, their costs, and for such other and further relief as may seem just to the Court in the premises.

DATED this 21st day of January, 2010.

*David F. Pope* (signature)
David F. Pope
Florida Bar No.: 0164452
Eric C. Thiel
Florida Bar No.: 016267
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard
Suite 1500
Tampa, Florida 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Attorneys for Plaintiffs.